**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAKYIA BERRY, | |
| Plaintiff, | |
| vs. | Civil Action No.   2:20-cv-1636 |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | |
| Defendant. | |

**COMPLAINT**

AND NOW, comes the Plaintiff, RAKYIA BERRY, by and through her attorney, Brian Patrick Bronson, Esquire, and the law firm of QuatriniRafferty, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

**INTRODUCTION**

**NATURE OF THIS ACTION**

1.  This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202.  Ms. Rakyia Berry (hereinafter "Plaintiff") is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Sun Life Assurance Company of Canada.  The Plan is governed by ERISA.  Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide

Plaintiff with the timely payment of Long Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4. The Plaintiff, Rakyia Berry, resides at 332 Mitchell Avenue, Clairton, PA 15025, Allegheny County.

5. The Defendant, Sun Life Assurance Company of Canada, is the Claims Administrator of Long Term Disability claims and is located at One Sun Life Executive Park, Wellesley Hills, MA 02481.

6. Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7. The Plaintiff, Rakyia Berry, last worked for Allegheny Health Network as a Customer Service Team Leader on or about November 21, 2015, wherein she stopped working due to Dystonia, Fibromyalgia, and Seizures.

8. The Plaintiff filed a claim for Long Term Disability benefits on or about November 21, 2015.

9. By letter dated May 18, 2016, Defendant approved Plaintiff's claim for Long Term Disability benefits.

10. By letter dated April 18, 2017, Defendant issued a denial of Plaintiff's claim for ongoing Long Term Disability benefits.

11. Plaintiff, by and through her attorney, Mark Haak, Esquire, filed a timely and responsive appeal by letter dated May 8, 2017.

12. By letter dated January 10, 2018, Defendant overturned previous denial and approved Plaintiff's claim for Long Term Disability benefits.

13. By letter dated March 15, 2018, Defendant issued a subsequent denial of Plaintiff's claim for ongoing Long Term Disability benefits.

14. Plaintiff, by and through her attorney, Mark Haak, Esquire, filed a timely and responsive appeal dated August 29, 2018.

15. By letter dated June 13, 2019, Defendant issued a denial of Plaintiff's appeal to the denial of ongoing Long Term Disability benefits. This letter explains "the administrative remedy of appeal under this policy is now exhausted and the administrative record of the claim is closed."

16.     Plaintiff was awarded Social Security benefits beginning in May 2016. and continues to receive Social Security Disability benefits in an uninterrupted fashion from the Social Security Administration.

## CAUSE OF ACTION

**<u>Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.</u>**

17.     Paragraphs 1 through 16 are incorporated herein as if set forth at length.

18.     Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

19.     At all times relevant to this action, the Plaintiff has been unable to perform with reasonable continuity the material duties of her own occupation and any gainful occupation due to the diagnoses and symptoms related to Dystonia and Fibromyalgia including Feet Swelling, Involuntary Movement of Arms and Legs, Pain, and Seizures.

20.     The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii) .

21.     The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

22.     The Defendant has arbitrarily and capriciously interrupted the term "reasonable continuity" as used in the Plan.

23.     The Defendant has arbitrarily excluded the Plaintiff's diagnosis of Dystonia which is well established in the medical records submitted during her appeals process.

24. The Defendant has engaged in a course of conduct of denying the Plaintiff's ongoing benefit claims without sufficient supportive medical evidence or evaluation.

25. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4) Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
QuatriniRafferty, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:   October 28, 2020